**Michael David MANIS, Appellant,**

**Roy D. Forshee and Ronnie Dethrow**

**v.**

**Peter STERLING, Sidney Pearson and Robert Godfrey, Appellees.**

**No. 88–1463.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Dec. 2, 1988.

Thomas M. Utterback, St. Louis, Mo., for appellant.

Deborah Neff, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, BOWMAN and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

The question presented in this appeal is whether the District Court[1] erred in dismissing plaintiffs' second amended complaint pursuant to Fed.R.Civ.P. 41(b). We affirm.

Plaintiffs Michael David Manis, Roy D. Forshee, and Ronnie Dethrow are prisoners confined within the Missouri Department of Corrections and Human Resources. In their operative complaint plaintiffs allege that public defenders Peter Sterling, Robert Godfrey, and Sidney Pearson conspired with a prosecuting attorney and several state judges to effect the improper disposition of plaintiffs' respective state actions for post-conviction relief, in violation of 42 U.S.C. § 1983. The District Court construed plaintiffs' complaint to be an attack upon the validity of their present confinement and underlying convictions. It ruled that plaintiffs must litigate such attacks "through the federal habeas corpus process[,]" stayed plaintiffs' lawsuit "pending disposition of plaintiffs' applications for writs of habeas corpus[,]" and requested plaintiffs to keep it "informed as to the progress of their habeas corpus actions." *Manis v. Sterling*, No. 85–2276–C(5), slip op. at 2–3 (E.D. Mo. Apr. 29, 1987). When it became apparent some nine months later that plaintiffs continued to maintain the view that they were entitled to proceed to trial on their § 1983 claims without first availing themselves of their federal habeas corpus remedy, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b). The District Court granted defendants' mo-

tion in a final order entered February 17, 1988.

We affirm the final order of the District Court as to plaintiffs Forshee and Dethrow because they have not timely appealed from that order and are therefore bound by it. On June 28, 1988 Forshee and Dethrow filed in this Court a motion for leave to file an out-of-time appeal, informing us that they had been omitted from plaintiff Manis's timely filed notice of appeal "as a result of clerical error[.]" We must deny the motion. This Court has jurisdiction over only those parties specified in a timely notice of appeal; further, would-be appellants' motion is untimely and we have no power to extend the time within which such motions must be filed. *See* Fed.R.App.P. 3(c), 4(a)(5), 26(b); *Torres v. Oakland Scavenger Co.*, —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Because Forshee and Dethrow failed to properly invoke this Court's jurisdiction, we have no power to review the District Court's final order as it pertains to them.

We affirm the final order of the District Court as to plaintiff Manis on a different ground from that urged upon us by respondents and relied upon by the District Court. As mentioned, the District Court ruled that Manis must litigate his present claims in the context of a federal habeas corpus action before seeking damages from defendants under § 1983.[2] We need not reach this issue because we find that Manis fails to allege conspiracy with the specificity required to withstand a motion to dismiss. The District Court found that the second amended complaint alleges conspiracy with sufficient specificity. *Manis*, slip op. at 1–2. Inasmuch as this determination is a legal one, our review is plenary. We may affirm a judgment on any ground fairly supported by the record. *See, e.g., I.S.*

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. The District Court made this ruling on authority of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), *Seltzer v. Ashcroft,* 675 F.2d 184 (8th Cir.1982) (per curiam), and

*Franklin v. Webb,* 653 F.2d 362 (8th Cir.1981) (per curiam). Respondents take the position that *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987) —a case decided after the District Court entered its order dismissing plaintiffs' lawsuit—compels the disposition below.

*Joseph Co. v. J. Lauritzen A/S,* 751 F.2d 265, 266 (8th Cir.1984).

Manis's claims are contained in Counts III and IV of the second amended complaint. In these counts, Manis alleges that Godfrey assigned Sterling to represent him in two actions for state post-conviction relief and that Sterling and Godfrey conspired with several state-court judges to delay prosecution of those actions. Allegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under § 1983. *Tower v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984). Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam). Manis fails to meet this test.

In support of his conclusory allegation that Sterling and Godfrey conspired with the state-court judges, Manis alleges that Godfrey and the judges knew that Sterling was not vigorously prosecuting Manis's state post-conviction actions, yet they did nothing to rectify the situation. We have held that a similar set of allegations fails to state a conspiracy claim under § 1983. *See Deck v. Leftridge,* 771 F.2d 1168 (8th Cir. 1985) (per curiam). We find nothing in either Count III or IV to support an inference that Sterling, Godfrey, and the state-court judges had reached any agreement to delay or hinder the adjudication of Manis's state post-conviction lawsuits.

Because Manis has not pled facts which, if assumed true, would support an inference that the alleged conspirators had reached a "meeting of the minds," the District Court properly dismissed Manis's claims.

For the foregoing reasons, the motion of Forshee and Dethrow for leave to file an appeal out of time is denied, and the final order of the District Court is affirmed.