**Robert GASSLER, Jr., Appellant,**

v.

**Richard RAYL, Terry Haines, and Edwin Zuern, Appellees.**

No. 88–5069.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Dec. 8, 1988.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and STUART,[*] Senior District Judge.

LAY, Chief Judge.

In June of 1986, Gassler, a state prisoner in Minnesota, was transferred from Minnesota to the North Dakota State Penitentiary (NDSP) pursuant to a prisoner exchange agreement existing between the two states. Upon his arrival, Gassler was assigned to work as a clerk in NDSP's law library. Gassler was subsequently reassigned to different employment and on June 16, 1987, he was transferred back to Minnesota.

Gassler filed a pro se action in federal district court[1] against the North Dakota prison officials alleging that he had been unconstitutionally deprived of his employment as a clerk in the law library, his transfer back to Minnesota had been retaliatory and violative of his right to provide legal assistance to fellow inmates without harassment by prison officials, the transfer was accomplished by cruel and unusual means, and he had been deprived of property valued in excess of $1,000 as the result of the transfer. The district court granted defendants' motion for summary judgment. This appeal followed. We affirm.

It is well established that inmates have a constitutional right of access to the court. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). This right entitles inmates to receive legal assistance from fellow inmates unless prison officials provide reasonable alternative assistance. *Johnson v. Avery,* 393 U.S. 483, 490, 89 S.Ct. 747, 751, 21 L.Ed.2d 718 (1969). In the absence of reasonable assistance, "[j]ailhouse lawyers have standing to challenge official action that prevents them from assisting other prisoners." *Wilson v. Iowa,* 636 F.2d 1166, 1167 (8th Cir.1981). *See also Ervin v. Ciccone,* 557 F.2d 1260, 1262 (8th Cir.1977). There is, however, no right to be or to receive legal assistance from a jailhouse

James J. Coles, Bismarck, N.D., for appellant.

James M. Vukelic, Bismarck, N.D., for appellees.

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

lawyer independent of the right of access to the court. *Flittie v. Solem,* 827 F.2d 276, 280 (8th Cir.1987); *Tuggle v. Barksdale,* 641 F.Supp. 34, 36 (W.D.Tenn.1985); *Smith v. Halford,* 570 F.Supp. 1187, 1194 (D.Kan.1983). Accordingly, the transfer of a prisoner for "writ-writing" does not in and of itself constitute the violation of a protected right. *Buise v. Hudkins,* 584 F.2d 223, 228–230 (7th Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed. 2d 466 (1979) (transfer only unconstitutional insofar as inmates are left without meaningful access to court).

■ In the instant case, Gassler claims that he has a right to provide legal assistance to NDSP inmates. He argues that the transfer to the Minnesota prison violates this right. We disagree. Even if Gassler were able to demonstrate that he had been transferred because he provided legal assistance to his fellow inmates,[2] this would not constitute the violation of a protected right. As stated above, an inmate simply does not have the right to provide his fellow inmates with legal assistance.[3] The district court therefore correctly dismissed Gassler's complaint. We affirm.

After review of the record we find all of the remaining issues raised by Gassler to be without merit and accordingly the judgment of the district court is affirmed. *See* 8th Cir.R. 14.

2. NDSP officials have asserted that Gassler was in fact transferred because (1) he was a high security risk prisoner; (2) he had requested a transfer to another state; (3) his safety at NDSP had been threatened; and (4) Minnesota was indebted to North Dakota under the prisoner exchange agreement.

3. Gassler also fails to adequately state a claim based on the right of access to the court on behalf of any NDSP inmates. The record clearly reflects the sufficiency of available legal assistance at NDSP. The fact that NDSP contains a law library is undisputed and evidenced by the fact that Gassler was employed there for several months. Furthermore, there are two jailhouse lawyers currently incarcerated at NDSP and employed full-time in the library.