988 F.2d 829
 Leroy M. SVEEGGEN, Appellant,
v.
UNITED STATES of America; Federal Land Bank of Omaha;
Robert A. Miller, an individual; Jay H. Tapken, an
individual; Johnson, Miner, and Marlow Law Firm; Michael
F. Marlow, an individual; A. Thomas Pokela; Alcester State
Bank, Appellees.
 No. 92-3487.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 5, 1993.
Decided March 11, 1993.
 
 Leann Larson LeFave, First Asst. U.S. Atty., Sioux Falls, SD, for U.S.
 Michael F. Marlow, Yankton, SD, for Federal Land Bank, Johnson, Miner & Marlow, and Michael F. Marlow.
 A. Thomas Pokela, Sioux Falls, SD, for State Bank of Alcester and A. Thomas Pokela.
 Mark Smith and Frank Geaghan, Asst. Attys. Gen., Pierre, SD, for Robert A. Miller and Jay H. Tapken.
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leroy M. Sveeggen appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint and the district court's imposition of sanctions. We affirm.
 
 
 2
 The Federal Land Bank (FLB), through its attorney Michael F. Marlow of Johnson, Miner & Marlow (Johnson), instigated foreclosure proceedings in South Dakota circuit court against mortgaged property held by Sveeggen. After Circuit Judge Jay H. Tapken ordered foreclosure of the property, Sveeggen filed an application for a writ of mandamus. The South Dakota Supreme Court, in an order signed by Chief Justice Robert A. Miller, summarily denied the application, and imposed sanctions of $500 against Sveeggen.
 
 
 3
 Sveeggen then filed this action against the United States, the FLB, Marlow, Johnson, Judge Tapken, and Chief Justice Miller. Sveeggen also made allegations against A. Thomas Pokela and Alcester State Bank (the bank) in his complaint, but he did not name them as parties. He sought a writ of mandamus, return of the foreclosed property, an order that the FLB produce certain documents concerning its corporate existence, and sanctions against the attorneys and judges who participated in the state foreclosure proceedings. Sveeggen alleged that 28 U.S.C. § 1349[2] precluded South Dakota circuit courts from exercising jurisdiction in the foreclosure proceedings; that Marlow knew the state courts did not have jurisdiction, yet he continued to prosecute the case; that Chief Justice Miller and Judge Tapken knew they were wrongfully exercising jurisdiction; and that the FLB was not authorized to do business in South Dakota because it did not possess a registered trademark as required by 15 U.S.C. § 1125.[3]
 
 
 4
 The district court ruled that Chief Justice Miller and Judge Tapken were entitled to judicial immunity, dismissed the complaint as to the remaining defendants, and imposed sanctions of $500 against Sveeggen under Federal Rule of Civil Procedure 11. Sveeggen now argues, inter alia, that the district court erred by denying his motion for summary judgment, dismissing his complaint, and imposing sanctions.
 
 
 5
 We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b). Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). "Section 1349 is a limit on federal district court jurisdiction, not state court jurisdiction," and "South Dakota circuit courts are courts of general jurisdiction"; thus, section 1349 "is wholly inapplicable." Isakson v. First Nat'l Bank, 985 F.2d 984, 986 (8th Cir.1993). Because Sveeggen has failed to allege any facts that, if accepted as true, would suggest that the South Dakota courts improperly exercised jurisdiction in the foreclosure proceedings, Chief Justice Miller and Judge Tapken are entitled to judicial immunity for the action they took in their judicial capacities. See Mireles v. Waco, --- U.S. ----, ----, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (per curiam) (judicial immunity can be overcome only if judge takes actions that are not within judge's judicial capacity or if there is complete absence of all jurisdiction).
 
 
 6
 We conclude that Sveeggen has not stated a claim under section 1125 or section 1983. See Isakson, 985 F.2d at 986. We do not consider Sveeggen's argument that Chief Justice Miller and Judge Tapken are not lawful judges, because this issue was not raised below. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). We also conclude that Sveeggen's other arguments on appeal are meritless, and that the district court properly dismissed his complaint. Finally, we conclude that the district court did not abuse its discretion by imposing sanctions under Rule 11. See Isakson, 985 F.2d at 986.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota
 
 
 [2]
 Section 1349 provides that "district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."
 
 
 [3]
 Section 1125 provides a civil right of action against persons who use false representations, including trademarks, in commerce