9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Eugene J. LODERMEIER; Meryle E. Lodermeier, Appellants,
v.
CITY OF SIOUX FALLS; Sioux Falls City Police Department;
State of South Dakota; Roger Tellinghuisen, individually
and in his official capacity; Mark W. Barnett; Diane Best,
individually and in her official capacity; Minnehaha County,
South Dakota; Richard Hurd, individually and in his official
capacity; David E. Nelson, individually and in his official
capacity; James Iosty, individually and in his official
capacity; Lance Mattson, individually and in his official
capacity; Richard Seivert, individually and in his official
capacity; Russell Prince, individually and in his official
capacity; Gerald Folkerts, individually and in his official
capacity; Carl Edmunds, individually and in his official
capacity; Terry Satterlee, individually and in his official
capacity; Randall Flood, individually and in his official
capacity; Dean Johnson; KELO-TV; KDLT-TV; KSFY-TV; Sioux
Falls ARGUS LEADER; Janet Lively, individually and in her
official capacity; Steve Erpenbach, individually and in his
official capacity; Todd Nelson, individually and in his
official capacity; Valerie Armstrong, individually and in
her official capacity, Appellees.
Gene V. Lodermeier, Appellant,
v.
Sioux Falls Police Department; City of Sioux Falls; State
of South Dakota; Roger Tellinghuisen; Mark Barnett; Diane
Best; Minnehaha County, South Dakota; Richard Hurd; Timothy
Wilka; David E. Nelson; James Iosty; Thomas J. Wright;
Russell Prince; Gerald Folkerts; Carl Edmunds; Terry
Satterlee; Dean Johnson, KELO-TV; KDLT-TV; KSFY-TV; Sioux
Falls Argus Leader; Jessica Armstrong; Janet Lively; Steve
Erpenbach; Todd Nelson; Valerie Armstrong; Gary Thimsen, Appellees.
 Nos. 92-3609, 92-3663.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 5, 1993.
Filed: November 8, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Lodermeiers appeal from judgments of the District Court[1] in favor of the defendants in these cases brought under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Gene V. Lodermeier was convicted in state court of receiving stolen goods and possessing property from which the serial numbers had been removed. His mother, Meryle Lodermeier, was convicted of making a false report to law officers. Gene Lodermeier filed a Sec. 1983 action pro se against various state and local officials and others allegedly involved in his prosecution-including lawyers with the State's Attorney and Attorney General's Office, detectives, private persons, and the local media-alleging a conspiracy to have him falsely prosecuted. His parents, also acting pro se, brought their own Sec. 1983 action against most of the same defendants, claiming that the defendants also conspired to have Meryle Lodermeier falsely prosecuted. In addition, Lodermeier's parents claimed that they were harassed.
 
 
 3
 The District Court granted many of defendants' motions to dismiss, treated the remaining motions as motions for summary judgment, and allowed the Lodermeiers an opportunity to file answering materials and briefs. The Court subsequently granted summary judgment in favor of all remaining defendants.[2] While the Lodermeiers' actions were pending, the South Dakota Supreme Court affirmed Lodermeier's conviction. See State v. Lodermeier, 481 N.W.2d 614 (S.D. 1992).
 
 
 4
 The Lodermeiers argue on appeal that the District Court should have appointed counsel for them below. We do not believe the District Court abused its discretion in refusing to appoint counsel. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam). The Lodermeiers also complain that they were not adequately informed of the requirements of the summary judgment rule. The numerous affidavits in the record betray the Lodermeiers' claim that they did not know they needed to submit affirmative evidence opposing the summary judgment motions.
 
 
 5
 We review de novo a District Court's decision to dismiss a complaint for failure to state a claim or to grant judgment on the pleadings. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). We also review de novo the District Court's granting of summary judgment. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). After conducting such de novo review of the record in this case, we conclude that the District Court committed no error in ruling in favor of defendants. We agree with the District Court that the conspiracy claims fail because they are conclusory. See Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988). We also agree that the remaining claims fail on a variety of grounds including lack of state action, absolute immunity, lack of personal involvement by some defendants, failure to show injury to a protected right, lack of factual support, and collateral estoppel. We see no abuse of discretion in the District Court's decision to grant Rule 11 sanctions against Gene Lodermeier. See Sveeggen v. United States, 988 F.2d 829, 831 (8th Cir. 1993) (per curiam).
 
 
 6
 The Lodermeiers' remaining claims are meritless or not properly before us, and they do not warrant further discussion.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota
 
 
 [2]
 The District Court also dismissed one defendant sua sponte because the allegations against him did not state a claim