# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1760

_____

| | | |
|---|---|---|
| Daniel Human, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Rowley; Mary Riorden; Joseph | * | Eastern District of Missouri |
| Sampson; Homer F. Shrum; S. | * | |
| Harrower; Tim Tallent; Carl L. Ulrich, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 11, 1999

Filed:  December 3, 1999

_____

Before McMILLIAN, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Daniel A. Human, an inmate at the Northeast Correctional Center (NCC), appeals from the final judgment entered in the District Court for the Eastern District of Missouri dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  Human seeks to proceed in forma pauperis (IFP) on appeal.  We

_____

[1]The complaint was dismissed by the district court before service of process. Thus, defendants had no notice that the lawsuit had been filed.  When the appeal came

grant Human permission to proceed IFP on appeal, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b). For the reasons discussed below, we conclude the district court erred in dismissing one of Human's claims.

In his complaint, Human claimed defendants, seven NCC employees, punished him for doing the job that defendants had given him--the job of a prison law clerk, which includes assisting other inmates--by removing him from this job and by wrongfully placing him in disciplinary segregation. Human also claimed defendants violated his state-created liberty interest in remaining in the general population when they segregated him without holding a disciplinary hearing. Human's claims are based on the following alleged events at NCC.

Around April 28, 1998, when Human was acting as counsel for an inmate at a hearing, he was approached by an NCC guard who warned him that NCC staff considered him to be a "know it all" and "troublesome simply because he did his best ([at] his job as a law clerk) to help inmates at hearings." On May 1, Human was summoned from his job and received a conduct violation, which stated that Human had admitted ownership of certain unauthorized legal material. On May 5, Human was reassigned to another job. On that day, defendant Homer F. Shrum, a caseworker, told Human he had been fired because of the May 1 conduct violation; and defendant Tim Tallent, a librarian, issued an interoffice communication that stated Associate Superintendent Mary Riorden (also a defendant) had terminated Human from his law clerk position based on the conduct violation.

On May 11, when Human arrived for his disciplinary hearing, he was immediately escorted to disciplinary segregation where he remained for ten days.

to this court, we invited defendants to file a brief in support of the judgment of the district court. They initially declined to do so, but they subsequently filed a brief. Human then filed a reply brief.

Defendant Superintendent Larry Rowley later ordered the May 1 conduct violation expunged from Human's file for lack of factual support. Rowley also ordered the library staff to consider Human for future positions that might come open.

The district court held that these allegations were frivolous, failed to state a claim, and should be dismissed prior to service of process on defendants. We agree with the district court that Human's lack-of-process claim was frivolous, see Neitzke v. Williams, 490 U.S. 319, 327 (1989) (claims based on "indisputably meritless legal theory" may be dismissed as frivolous), because he did not allege facts indicating that the ten days he spent in disciplinary segregation amounted to an atypical and significant deprivation in relation to the ordinary incidents of prison life, so as to trigger due process protection. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); Wycoff v. Nichols, 94 F.3d 1187, 1188-90 (8th Cir. 1996).

We do not agree, however, that the remaining allegations in Human's complaint were either frivolous or failed to state a claim. In our view, Human's § 1983 complaint can be liberally construed as raising a viable constitutional claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state claim unless it is beyond doubt that plaintiff can prove no facts in support of his claim which would entitle him to relief); Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (district court has duty to examine complaint "to determine if the allegations provide for relief on any possible theory"). While Human had no personal right to be a prison law clerk, see Gassler v. Rayl, 862 F.2d 706, 707-08 (8th Cir. 1988), Human's status as a law clerk entitled him to exercise First Amendment privileges within limits. See Pell v. Procunier, 417 U.S. 817, 822 (1974) (inmate retains "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). Human complains that he was removed from his law clerk job and subsequently placed in segregation as discipline for performing too well the assigned job, which necessarily included assisting

other inmates.  Because his complaint sets forth a chronology of events from which defendants' retaliatory animus could be inferred, we think the district court prematurely dismissed this portion of Human's complaint. See Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam).

Accordingly, we affirm the dismissal of Human's lack-of-process claim, reverse the dismissal of Human's retaliation claim,  and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.