# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2573

_____

Richard E. Johnson, Jr.,               *
                               *
        Appellant,          *
                               *
        v.                       *   Appeal from the United States
                               *   District Court for the
J.B. Esry, Sheriff of Randolph County,  *   Eastern District of Missouri
Missouri, Charlie Washum, Deputy      *
Sheriff of Randolph County, Missouri,  *      [UNPUBLISHED]
General Lee Green, Deputy Sheriff of   *
Randolph County, Missouri,          *
                               *
        Appellees.         *

_____

Submitted:  April 6, 2000

Filed:  April 13, 2000

_____

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

      Richard E. Johnson, a Missouri prisoner, appeals from the final judgment entered
in the District Court[1] for the Eastern District of Missouri, dismissing two named

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern
District of Missouri.

defendants and granting summary judgment to remaining defendants in his 42 U.S.C. § 1983 action. For reversal, Johnson argues the district court erred in applying employment discrimination law to his retaliation claims, disregarding material evidence, and making credibility determinations. For the reasons discussed below, we affirm the judgment of the district court.

Johnson filed this action against Randolph County, Missouri Sheriff J.B. Esry, Deputy Sheriffs Charlie Washum and General Lee Green, Circuit Judge Channing Blaeuer, and Public Defender Robert Fleming, claiming they twice transferred him as a pretrial detainee from the Randolph County Jail to the Marion County Jail in retaliation for his filing civil rights actions against them. He also claimed defendants conspired to coerce him into voluntarily dismissing his civil rights complaints by threatening that he otherwise would receive a harsh sentence in his criminal case.

Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we conclude the district court correctly dismissed Johnson's claims against Judge Blaeuer and Fleming. Judicial immunity shielded Judge Blaeuer from a suit for money damages. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Although Fleming could act under color of state law as a public defender if he conspired with state officials to deprive Johnson of federal rights, see Tower v. Glover, 467 U.S. 914, 923 (1984), Johnson's conspiracy allegations were conclusory, see Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) (conspiracy allegations must be pleaded with sufficient specificity and factual support to suggest meeting of minds).

We also review de novo the district court's grant of summary judgment. See Hawkins v. City of Farmington, 189 F.3d 695, 705-06 (8th Cir. 1999). Prison officials may not punish an inmate by transferring him to another prison, or by isolating him, because he exercises his constitutional right of access to the courts. See Goff v. Burton, 7 F.3d 734, 736-37 (8th Cir. 1993), cert. denied, 512 U.S. 1209 (1994). To succeed on a claim of retaliatory transfer or retaliatory discipline, an inmate must prove

that, but for an unconstitutional retaliatory motive, the transfer or discipline would not have occurred. See id. at 738.

While we disagree with the district court's application of employment discrimination law--particularly, its adverse-impact requirement--to Johnson's retaliatory-transfer claim, see Dixon v. Brown, 38 F.3d 379, 380 (8th Cir. 1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement."), we find such application is immaterial in light of the district court's correct application of the "but for" analysis. We agree with the district court that Johnson failed to create a jury issue on whether, but for his litigiousness, defendants would not have transferred him or placed him in a cell by himself. See Farver v. Vilches, 155 F.3d 978, 979 (8th Cir. 1998) (per curiam) (summary judgment for prison officials appropriate where inmate produced no evidence he was transferred because he filed grievance, rather than because he indicated he was not medically capable of working in jail's kitchen).

We further conclude the district court properly rejected Johnson's remaining claims. His access-to-the-courts claim fails because he did not show any resulting actual injury, see Lewis v. Casey, 518 U.S. 343, 350-53 (1996); his access-to-the-courts claim on behalf of other inmates is meritless because he failed to show the inmates could not bring claims in their own names or were left without reasonable alternative assistance after his transfer, see Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Gassler v. Rayl, 862 F.2d 706, 707 (8th Cir. 1988); his Sixth Amendment claim fails because he did not show his temporary transfers to the Marion County Jail denied him effective assistance of counsel, cf. McMaster v. Pung, 984 F.2d 948, 952 (8th Cir. 1993) (finding inmate was not denied access to legal counsel because he could consult with counsel by telephone and through mail); and his due process claim lacks merit because he did not allege facts indicating his transfer and eight days in a

solitary cell amounted to an atypical and significant deprivation in relation to the ordinary incidents of prison life, see <u>Sandin v. Conner</u>, 515 U.S. 472, 485-86 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.