# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2337

_____

| | | |
|---|---|---|
| Daniel A. Human, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri |
| Larry Rowley; Mary Riorden; | * | |
| Joseph Sampson; Homer F. Shrum; | * | [UNPUBLISHED] |
| S. Harrower; Tim Tallent; Carl L. | * | |
| Ulrich, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 28, 2001

Filed: December 6, 2001

_____

Before McMILLIAN, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Daniel A. Human, a Missouri inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri granting summary judgment to defendants in his 42 U.S.C. § 1983 action. Human claimed that defendants, all

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

prison employees, retaliated against him for providing legal assistance to other inmates by removing him from his law clerk job. For reversal, Human argues that the summary judgment record shows he did not violate any prison rule by possessing blank informal resolution request forms--the reason given for the discipline imposed-- and that his removal from his law clerk job deprived other inmates of legal assistance because reasonable alternative assistance was not made available. For the reasons discussed below, we affirm the judgment of the district court.

An inmate has a cause of action under § 1983 for retaliatory discipline when a prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights. See Moore v. Plaster, 266 F.3d 928, 931 (8th Cir. 2001). Although Human has no constitutional right to be a jailhouse lawyer, see Gassler v. Rayl, 862 F.2d 706, 708 (8th Cir. 1988), we concluded in a prior appeal that Human stated a constitutional claim by alleging that defendants removed him from his prison-created job for doing his job too well, and we remanded for further consideration of such a claim. See Human v. Rowley, No. 99-1760, 1999 WL 1204488, at *1-2 (8th Cir. Dec. 3. 1999) (unpublished per curiam). On remand, however, Human failed to produce evidence from which a jury could find that he was irrationally fired from his law clerk position for doing a good job. We thus conclude that summary judgment was appropriate as to this claim. See Moore v. Plaster, 266 F.3d at 931 (standard of review). We also conclude that the district court properly rejected Human's access-to-court claim. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.