# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-1933

_____

Ricky L. Griggs,                                      *
                                                      *
            Appellant,                                *
                                                      *
      v.                                              *
                                                      *
Larry Norris, Director, Arkansas                      *
Department of Correction; Ray Hobbs,                  *
Assistant Director, Arkansas                          *    Appeal from the United States
Department of Correction; M. D. Reed,                 *    District Court for the Eastern
Warden, Ouachita River Correctional                   *    District of Arkansas.
Unit, ADC; Crystal Woods,                             *
Classification Officer, Cummins Unit,                 *    [UNPUBLISHED]
ADC; Lisa Schwartz, A.R.O.,                           *
Cummins Unit, ADC; Jessie Davis                       *
Captain, Cummins Unit, ADC; Jakina                    *
Brown, CO-II, Cummins Unit, ADC,                      *
Originally sued as "T. Brown"; Kim                    *
Luckett, Assistant Warden, Cummins                    *
Unit, ADC, originally sued as "K.                     *
Luckett",                                             *
                                                      *
            Appellees.                                *

_____

Submitted: October 29, 2008
     Filed: November 7, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ricky L. Griggs appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action claiming he was disciplined, placed in administrative segregation (ad seg) and punitive isolation, and transferred to the Varner Supermax Unit (VSM) in retaliation for filing grievances and making complaints against defendants, and in violation of his due process rights. Griggs also appeals the rulings on various motions he filed.

We find that the district court did not err in granting summary judgment to defendants. See Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (de novo review). As to his due process claims, neither Griggs's two 30-day placements in punitive segregation, nor his placement in ad seg for less than 20 days constituted the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 483-86 (1995) (due process invoked only where defendants impose atypical and significant hardship on inmate in relation to ordinary incidents of prison life; no liberty interest protecting against 30-day assignment to segregated confinement); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (10-day placement in ad seg--allowing for 1 hour per day out of cell--and 30 additional days of limited time out of cell, limited visitors, and no work or phone privileges, did not constitute atypical and significant hardship). Further, Griggs's transfer to VSM did not violate the Due Process Clause, as he received notice of the placement hearing and the reasons for his potential placement prior to the classification hearing; the classification committee stated in writing its reasons for the placement; Griggs had the opportunity to appeal the decision; and VSM policy indicates its inmates receive two 30-day reviews and 60-day reviews thereafter. See

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

Wilkinson v. Austin, 545 U.S. 209, 225-27 (2005) (process for supermax placement adequate where inmate received notice of factual basis leading to supermax consideration, fair opportunity for rebuttal, multiple levels of review, opportunity for objections prior to final review, and short statement of reasons for placement).

We also agree with the district court that Griggs's retaliation claims failed. First, Griggs's evidence was not sufficient to create a genuine issue as to whether he engaged in protected conduct that was the motivating factor for his placement in ad seg. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (retaliatory-transfer claim properly dismissed where allegations of retaliation are "speculative and conclusory"); Murphy v. Mo. Dep't of Corr., 769 F.2d 502, 503 n.1 (8th Cir. 1985) (per curiam) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged). Second, Griggs did not show that the disciplinary charges filed against him were retaliatory, as there was evidence that he committed the rule violations and he was found guilty by an impartial decisionmaker. See Hartsfield v. Nichols, 511 F.3d 826, 829-31 (8th Cir. 2008) (defendant may successfully defend retaliatory-discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decisionmaker). Third, Griggs did not show that impermissible retaliation was the actual motivating factor for his transfer to VSM, as he did not dispute the reasons given by the classification committee for his placement--that he was a Class IV inmate with a poor institutional file and numerous disciplinary violations. See Cornell v. Woods, 69 F.3d 1383, 1387-88 (8th Cir. 1995) (inmate must show that impermissible retaliation was actual motivating factor for transfer). Griggs's conspiracy claim also failed. See Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999) (elements of conspiracy claim).

-3-

We conclude that the district court did not err in denying Griggs leave to amend the complaint.  See In re NVE Corp. Sec. Litig., 527 F.3d 749, 752 (8th Cir. 2008) (denial of leave to amend complaint based on futility is reviewed de novo); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (finding no constitutional right was violated by failure to process grievances).  Nor did the court  abuse its discretion in denying some of Griggs's discovery requests, see Executive Air Taxi Corp. v. City of Bismarck, 518 F.3d 562, 569 (8th Cir. 2008) (standard of review); Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005) (party seeking to stay resolution of summary judgment motion must show how further discovery will allow him to rebut movant's showing of absence of genuine issue of fact), in declining to appoint counsel, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; relevant factors), or in denying his motions to reconsider, see Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (standard of review).

The judgment is affirmed.

_____