Walter Duane WHITE, Appellant

v.

Warden B.A. BLEDSLOE; Chad Rice, Correctional Counselor; Kavanaugh, Correctional Counselor; Unit Manager Adami.

No. 09–3903.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 14, 2010.

Opinion Filed: March 9, 2010.

Walter Duane White, Butner, NC, pro se.

G. Michael Thiel, Esq., Office of United States Attorney, Scranton, PA, for Appellees.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Walter Duane White, a federal prisoner proceeding pro se, appeals from the District Court's order granting the defendants' motion for summary judgment. For the reasons that follow, we will summarily affirm the District Court's order.

In July 2008, White commenced an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), in the United States District Court for the Middle District of Pennsylvania. In the complaint, White claimed that he had been transferred to the United States Penitentiary at Lewisburg ("USP–Lewisburg") in Lewisburg, Pennsylvania from the Gilmer Federal Correctional Institution ("FCI–Gilmer"), in Glenville, West Virginia, in retaliation for complaining about allegedly inadequate medical care.[1] He also alleged that the defendants failed to protect him from an assault by another inmate, fabricated an incident report which resulted in

---

1. White is no longer incarcerated at USP–Lewisburg; he is presently confined at the Federal Correctional Institution in Butner, North Carolina.

excessive sanctions, and denied him access to legal materials. White named as defendants four USP–Lewisburg officials.

.The defendants filed a motion to dismiss, or, in the alternative, for summary judgment on the ground that, with the exception of the retaliatory transfer claim, White had not exhausted his administrative remedies prior to commencing the present action. With respect to the retaliatory transfer claim, the defendants asserted that they did not have any personal involvement in the decision to transfer White. By order entered September 24, 2009, the District Court construed the defendants' motion as solely seeking summary judgment, granted it with respect to the retaliatory transfer claim, and dismissed the remaining claims, without prejudice, for failure to exhaust administrative remedies. White appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. *See DeHart v. Horn,* 390 F.3d 262, 267 (3d Cir.2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Kaucher v. County of Bucks,* 455 F.3d 418, 422–23 (3d Cir.2006).

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10–542.19. In order to exhaust an appeal under the administrative remedy process, an inmate must first present his complaints to prison staff informally. *See* 28 C.F.R. § 542.13. If unsuccessful, the inmate may file a formal administrative remedy request. *See* 28 C.F.R. § 542.14. If the inmate is unsatisfied with the response he receives from within the institution, he may file an appeal with the appropriate regional director. *See* 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the response of the regional director, he may file an appeal with Central Office's general counsel. *See* 28 C.F.R. § 542.15(a).

Upon careful review of the record, we agree with the District Court that summary judgment was appropriate. In support of their summary judgment motion, the defendants submitted a declaration from the Supervisory Attorney at USP–Lewisburg. In the declaration, the Supervisory Attorney stated that a review of BOP records indicated that White had filed 14 requests for administrative relief regarding issues allegedly occurring at USP–Lewisburg. Only three of those requests, however, were appealed to the Central Office. Of those three exhausted requests, only one pertained to an issue raised in White's complaint, namely, the allegedly retaliatory transfer.[2] White as-

---

**2.** The other two exhausted administrative

remedy requests concerned White's wish to

serted that he satisfied the exhaustion requirement because his administrative challenge to his transfer encompassed all of the allegedly unconstitutional conduct which subsequently occurred at USP–Lewisburg. But the Supervisory Attorney's declaration indicates that the pertinent grievance "concerned a request that [his] inmate custody classification be lowered so he could be transferred to an FCI, and included language complaining about his transfer from FCI–Gilmer." We conclude that this satisfies the defendants' burden of pleading and proving non-exhaustion. *See Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002). To the extent White alleged that exhaustion would have been futile, we reject his claim. *See Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir.2000).

We also agree that White's retaliatory transfer claim lacks merit because he did not allege any facts to indicate that the defendants had personal involvement in his transfer. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). In this case, the defendants asserted that they had no part in the decision to transfer White. Indeed, the Supervisory Attorney's declaration explains that "[i]nstitution staff do not have the authority to determine designations and transfers." White concedes that the defendants "did not participate in" the transfer, but argues that the defendants are nonetheless liable because he told them upon arrival at USP–Lewisburg that his transfer was retaliatory. But the fact that the defendants may have been aware of the allegedly retaliato-

ry transfer after it occurred does not justify the imposition of liability. *See Bressi v. Ford,* 575 F.3d 891, 899 n. 8 (9th Cir.2009) (holding that police officer was not liable under respondeat theory where officer "did not direct the arrest, nor did he know of it until after the fact.").

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. *See* I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment. White's "Motion to File Argument in Support of Appeal to Exceed (5) Five Pages" is granted. His motion for appointment of counsel is denied. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993).

---

be transferred to a medical center and his complaints about a May 22, 2008, disciplinary hearing. It is not clear whether that disciplinary hearing was the one which resulted in the allegedly excessive sanctions that White challenged in his complaint. Even if it was, however, there is still a failure to exhaust

because White sought Central Office review of that grievance only after he filed his complaint. *See Ahmed v. Dragovich,* 297 F.3d 201, 209 & n. 9 (3d Cir.2002) (holding that administrative exhaustion must be completed prior to initiation of suit).