# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2896

_____

William Eugene Webb,               *
                                     *
        Appellant,          *
                                     *   Appeal from the United States
      v.                       *   District Court for the
                                     *   Western District of Missouri.
William Hedrick, et al.,       *
                                     *   [UNPUBLISHED]
        Appellee.           *

_____

Submitted: September 20, 2010
Filed: November 5, 2010

_____

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate William Eugene Webb appeals the district court's[1] adverse grant of summary judgment on his action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Upon de novo review, Mumid v. Abraham Lincoln High Sch., 618 F.3d 789, 793 (8th Cir. 2010), we affirm.

Webb seeks damages from multiple employees at United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP-Springfield"): security officer

_____

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Jeff Sims; unit-team manager Scott Klinzing; unit-team counselor Darrell Bradley; medical practitioners Mark Pearson and Thomas Hare; and warden William Hedrick. Webb claims violations of the First and Eighth Amendments, alleging that Pearson acted with deliberate indifference when he approved of Webb's transfer from MCFP-Springfield in 2003, all the defendants conspired to transfer him from MCFP-Springfield in 2003 and 2004 in retaliation for engaging in protected conduct, Sims and Bradley retaliated against him by transferring him to administrative segregation, and Hedrick failed to respond to Webb's complaints of retaliation and inadequate medical care.[2]

Webb failed to create a genuine issue of fact on his claim that Pearson acted with deliberate indifference when he approved of Webb's transfer from MCFP-Springfield in 2003. To establish deliberate indifference, Webb must demonstrate that "he suffered objectively serious medical needs, and the officials actually knew of but deliberately disregarded those needs." Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006). Webb has asserted no facts from which to infer that Pearson knew of Webb's allegedly serious medical need. The facts that Webb does allege—that Pearson relied on outdated medical information and never reexamined Webb before authorizing his transfer—prove the opposite. At most, the facts Webb alleges support a claim that Pearson acted negligently in failing to reexamine Webb before transfer, but negligence alone is not actionable under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

As to Webb's retaliation Bivens claims, we agree with the district court that retaliation for engaging in protected conduct was not a "but for" factor in Webb's transfers from MCFP-Springfield. In raising a retaliatory transfer claim Webb "face[s] a substantial burden in attempting to prove that the actual motivating factor

---

[2] Webb made additional claims in his complaint, but he pursues only these four on appeal.

for his transfer was the impermissible retaliation." Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993) (quotations omitted). Even at summary judgment, "the burden is on the prisoner to prove that but for an unconstitutional, retaliatory motive the transfer would have not occurred." Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996) (quoting Goff, 7 F.3d at 738)). Here, there is record evidence that Webb was returned to his permanent medical facility in 2003 and 2004 because he no longer needed the medical care at MCFP-Springfield. Even if retaliation was one factor in the decision to transfer Webb, Webb has not shown that his transfer would not have occurred "but for" the retaliation. See Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003) (finding retaliation not a "but for" cause of transfer where record demonstrated that inmate was disciplined and transferred due to pattern of misbehavior); Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (rejecting retaliatory-transfer claim even where retaliation was clearly factor in transfer).[3]

Similarly, Webb's claim against Sims and Bradley fails because retaliation was not a "but for" factor in Webb's placement in administrative segregation pending investigation. Webb alleges that he was placed in administrative segregation because Sims, assisted by Bradley, fabricated an incident report in retaliation for Webb filing administrative grievances. Webb has not alleged, however, any facts to indicate that Sims or Bradley had personal involvement in his placement in administrative segregation, and both men deny any connection. Regardless of whether the two fabricated the disciplinary charge against Webb, neither was responsible for Webb's placement in administrative segregation pending investigation. See Griggs v. Norris,

---

[3] Moreover, Webb had not engaged in protected activity before his 2004 transfer. Webb alleges that he was transferred in 2004 after providing legal assistance to another inmate. However, "an inmate simply does not have the right to provide his fellow inmates with legal assistance," and a transfer based on such assistance "would not constitute the violation of a protected right." Gassler v. Rayl, 862 F.2d 706, 708 (8th Cir. 1988).

297 F. App'x 553, 555 (8th Cir. 2008) (unpublished per curium); accord White v. Bledsloe, 368 F. App'x 273, 275 (3d Cir. 2010) (unpublished per curium).[4]

Finally, Webb's retaliation and deliberate indifference claims against Hedrick fail because Bivens liability cannot be established solely on a theory of respondeat superior. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Webb alleges that Hedrick retaliated against Webb when Hedrick failed to respond to Webb's multiple complaints of retaliation by Hedrick's staff. Under Bivens, however, Hedrick's inaction must itself have had a retaliatory motivation, see id. at 1948-49, and Webb has produced no evidence to suggest Hedrick had the requisite intent. Webb also alleges that Hedrick acted with deliberate indifference when he did not respond to Webb's complaints of inadequate medical care. As a non-medical professional, however, Hedrick is not personally liable for his medical staff's treatment decisions, see Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002), and under Bivens, he cannot be held vicariously liable for their actions, see Iqbal, 129 S. Ct. at 1948.[5]

Accordingly, we affirm the district court's grant of summary judgment.

_____

---

[4] To the extent Webb argues that his placement in administrative segregation based on a false disciplinary charge constituted cruel and unusual punishment, he misunderstands the Eighth Amendment requirement. The prohibition against cruel and unusual punishment is focused on the conditions of the administrative segregation, not on the reasons for placement there. See Brown v. Nix, 33 F.3d 951, 954-55 (8th Cir. 1994). Webb does not allege that the conditions of the administrative segregation were unconstitutional.

[5] The Appellees also argue that Webb's claims are barred because he failed to exhaust his administrative remedies. Because we uphold the district court's grant of summary judgment on the merits, we do not answer this question.