# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2018

_____

George Proby, Jr.

*Plaintiff - Appellant*

v.

Corizon Medical Services; T. Bredeman, Corizon Director of Operations,
Associate Regional Medical Director; J. Cofield, Director of Operations for
Constituent Services, Head Grievance Officer; Unknown Hucke, Corizon Dr. at
JCCC; Pamela Swartz, Corizon Nurse Practitioner at JCCC; Rebecca Grahm,
Corizon Nurse Practitioner at JCCC; Philip Tippen; Paul F. Montany

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: October 19, 2020
Filed: October 28, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

George Proby, Jr. sued numerous defendants in federal district court for deliberate indifference to his serious medical needs and for conspiracy to deny medical care. *See* 42 U.S.C. §§ 1983, 1985. The complaint named Corizon Medical Services, T. Bredeman, Pamela Swartz, Rebecca Grahm, Hucke, Phillip Tippen, Paul F. Montany, and J. Cofield, in their individual and official capacities. The district court dismissed his complaint in its entirety, before he had a chance to serve them. *See* 28 U.S.C. § 1915(e)(2)(B). We affirm in part and reverse in part.[1]

The district court properly dismissed some of the claims. Among them were the official-capacity claims against J. Cofield, either under the Eleventh Amendment or section 1983 itself. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Proby also did not plead enough facts to allege a conspiracy. *See Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (stating that, to plead a conspiracy, there must be enough to show a "meeting of the minds" (quotation marks omitted)).

Others should not have been dismissed. The first is the allegation against Corizon that it violated his constitutional rights through a policy, custom, or official action. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880–81 (8th Cir. 2007). Also falling into this category are Proby's claims against the remaining defendants that they were deliberately indifferent to his serious medical needs. *See Dadd v. Anoka Cnty.*, 827 F.3d 749, 755 (8th Cir. 2016) (delaying treatment or examinations can amount to a constitutional violation when the underlying condition is "medically serious or painful" (quotation marks omitted)); *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("fail[ing] to administer prescribed medication," if done knowingly, can establish deliberate indifference); *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990) (choosing the "easier and less efficacious course of treatment" can constitute deliberate indifference).

---

[1]We grant Proby's motion for leave to proceed in forma pauperis. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997) (per curiam).

To sum up, neither the official-capacity claims against Cofield nor the conspiracy claims survive. But all remaining claims can proceed, at least at this stage. We accordingly remand to the district court for further proceedings consistent with this opinion, including service of process on the remaining defendants.

————————————————