**UNITED STATES of America, Petitioner,**

v.

**Wendell WOODS, Respondent.**

**Civil No. 4–87–553.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 7, 1996.

Friedrich A. Siekert, Assistant U.S. Attorney, Minneapolis, MN, for Plaintiff.

Andrew Mohring, Assistant Federal Public Defender, Minneapolis, MN, for Defendant.

## MEMORANDUM

MASON, United States Magistrate Judge.

On September 16, 1996, Petitioner moved for an order pursuant to 18 U.S.C. § 4246(f) for revocation of Respondent's conditional discharge and for the placement of Respondent at the Federal Medical Center ("FMC") in Rochester, Minnesota. Petitioner alleges that Respondent failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment as set forth in the Order of Conditional Discharge entered by then District Judge Diana Murphy in March of 1994. That Order required Respondent to comply with "the prescribed regimen of medical, psychiatric, and psychological care and treatment set forth in the Certificate of Recovery...."

On September 17, 1996, Magistrate Judge Jonathan Lebedoff ordered that Respondent be detained at the FMC pending further proceedings on Petitioner's Revocation Motion, and ordered the parties to contact the undersigned Magistrate Judge to schedule a hearing on that Revocation Motion [Docket Nos. 51–52]. Magistrate Judge Lebedoff also appointed the Federal Public Defender's office to represent Respondent [Docket No. 53].

On September 18, 1996, Petitioner filed an Amended Petition for revocation of Respondent's conditional release. That Petition alleged that one of the conditions of the Court's 1994 Order for conditional release was that the Respondent was required to reside at the Gateways Hospital and Mental Health Center in Los Angeles, California. The Amended Petition alleges that the Respondent violated the terms of his conditional release by leaving Gateways Hospital on August 5, 1994 without permission. An exhibit to the Amended Petition indicates that, while away from that institution, Respondent was arrested on August 27, 1994 for a bank robbery in Seattle, Washington.

On September 18, 1996, Petitioner filed a Motion for Commitment and Examination of Respondent. That Motion, brought pursuant to 18 U.S.C. §§ 4246 and 4247(b), sought an order committing Respondent to the custody of the United States Attorney General for placement at the FMC or other suitable facility for a reasonable period not to exceed 45 days. During that commitment period, Petitioner seeks to force Respondent to undergo a psychiatric and/or psychological examination to be conducted by one or more licensed or certified psychiatrists or psychologists. The purpose of the mental examination is to determine the present psychiatric or psychological condition of Respondent and whether his continued release would create a substantial risk of bodily injury to another person or to the property of another under 18 U.S.C. § 4246(f).

On September 20, 1996, the undersigned Magistrate Judge heard oral argument concerning the Petitioner's Motion to require Respondent to submit to a mental health examination. Both parties agreed at that hearing that the Court would hear oral argument only concerning that motion, and the

parties reserved for another date the hearing on Petitioner's pending motion and Amended Petition to revoke the conditional release of Respondent pursuant to 18 U.S.C. § 4246(f).

Under the provisions of 18 U.S.C. § 4246(f), the Court is ultimately required to make a determination as to whether Respondent has violated the terms of his release. The Court must also determine "after a hearing" whether, "in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f); *United States v. Woods,* 995 F.2d 894, 896 (9th Cir. 1993) ("Under 18 U.S.C. § 4246(f), a district court may revoke a conditional discharge if two conditions are met. First, a person must fail to comply with his prescribed ... treatment. Second, the court must conduct a hearing and determine whether in light of this failure the person's continued release would pose a risk to society").

Acting on the possibility that it might be desirable for purposes of the upcoming revocation hearing, Petitioner sought an Order of this Court which would commit Respondent to custody and require a psychiatric and/or psychological examination. This Court believes that it is premature for the Court to rule on Petitioner's Motion for this relief.

In its brief, Petitioner correctly notes that 18 U.S.C. § 4246(f) does not explicitly authorize the Court to order that a psychiatric or psychological examination of the Respondent be conducted. Thus, while 18 U.S.C. § 4246(f) is silent as to whether mental examinations are permissible in revocation proceedings, such examinations are expressly made permissible by 18 U.S.C. § 4246(b) in the initial filing of a petition to hospitalize an individual brought pursuant to 18 U.S.C. § 4246(a). The Court agrees with Petitioner, however, that the Court possesses the implicit power to order such an examination in a revocation proceeding under 18 U.S.C. § 4246(f).

Sections 4246(a)–(b) and 4246(f) both attempt to determine whether an individual would pose a risk to society. It would be an absurd result to read the statute to authorize mental examinations in initial commitment petitions, but not revocation proceedings. In addition, 18 U.S.C. § 4247(b), which defines "psychiatric" and "psychological" examinations within the context of the statute, implicitly authorizes mental health examinations under both 4246(a)–(b) and 4246(f) by not delineating among the various subsections of section 4246. *See* 18 U.S.C. § 4247(b) ("A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or clinical psychologist, or, if the court finds it appropriate, but more than one such examiner. For the purposes of an examination ... under section ... 4246," the "court may commit the person to be examined ... for a reasonable period, but not to exceed forty-five days ...").

Although this Court has the power to order a mental examination before the revocation hearing, the Court believes that the preferable process to follow in cases seeking revocation of conditional release brought pursuant to 18 U.S.C. § 4246(f) is to commence the revocation hearing before the hearing on a motion to compel a mental examination, and hear such evidence as is admissible on the issues presented by the Motion for Revocation. It does not appear that Congress intended that in every such hearing the Court must require a mental examination in order to determine whether a person who has violated the conditions of his or her release is a risk to society. If that were required in every case, it is to be expected that this would be set forth in the statute.

At the hearing on Petitioner's Motion and Amended Petition for Revocation, it may be possible to determine whether both prongs of the statutory standard under 18 U.S.C. § 4246(f) are met, or are not met, without the need of a mental examination. *See United States v. Ecker,* 30 F.3d 966, 970 n. 7 (8th Cir.) (listing several factors that can influence a court's determination as to whether a respondent is a danger to society), *cert. denied,* —— U.S. ——, 115 S.Ct. 679, 130 L.Ed.2d 611 (1994). It may also be made to appear at the revocation hearing that a mental examination is required before the hear-

ing may be concluded, and that a recess of the hearing is required to permit the examination to be performed. *See United States v. Steil*, 916 F.2d 485, 487–88 (8th Cir.1990) (the court considered the testimony of medical experts in concluding that respondent was mentally ill and would pose a danger to society).

Neither the parties nor the Courts should assume that the only manner in which it may be learned whether a person's continued release would pose a risk to society is by requiring that the person submit to a costly, intrusive, court-ordered mental health examination, and then reviewing the results of that examination. The Court will not order a mental examination until it has been made to appear at the revocation hearing that one is required. If the evidence shows that the Respondent has not violated any of the conditions of his release, then there is no reason to proceed to the second question concerning whether he poses a risk to society. If it is shown that the conditions were violated, the available evidence may also show that the person poses a risk to society, or that he does not. If the evidence shows that a mental examination is required to reach a conclusion as to that question, it may then be ordered.

## ORDER

This matter was before the Court on September 20, 1996 for a hearing on Petitioner's Motion for Commitment and Examination Under 18 U.S.C. § 4247 [Docket No. 56]. Friedrich Siekert, Esq. appeared on behalf of the United States; Andrew Mohring, Esq. appeared on behalf of Respondent.

IT IS HEREBY ORDERED:

1. Petitioner's Motion for Commitment and Examination [Docket No. 56] is denied without prejudice.

2. The following motions remain pending: Motion for Revocation of Conditional Discharge and for Placement at FMC–Rochester [Docket No. 49]; and Amended Petition for Revocation of Conditional Release Granted Pursuant to 18 U.S.C. § 4246 [Docket No. 54]. A hearing on these motions shall be held before the undersigned on November 5, 1996 at 1:30 p.m., Courtroom 628B, 316 North Robert Street, St. Paul, Minnesota, at which time the parties shall offer their available evidence bearing upon the issues presented by said motions.

3. Respondent shall be detained pursuant to the authority of 18 U.S.C. § 4246(f) until this Court rules on Petitioner's Motion and Amended Petition seeking to revoke Respondent's conditional release.