# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1969

_____

Darrell Theodore Kind,        *
                                *

         Appellant,       *
                                *   Appeal from the United States

      v.                   *   District Court for the
                                *   District of Minnesota.

Sheriff Frank; Sgt. Heinen; Dan   *
Luke; Sgt. Alhgren; Sgt. Wanike,   *
                                *

         Appellees.       *

_____

Submitted:  March 28, 2003

Filed:  May 30, 2003

_____

Before MELLOY, HEANEY, and SMITH, Circuit Judges.

_____

HEANEY, Circuit Judge.

Darrell Theodore Kind was incarcerated in the Washington County Jail in Minnesota for two and a half months in 1998. Kind brought a § 1983 action against employees at the jail because he claims they violated his First Amendment free-exercise-of-religion right by refusing to place him on a vegetarian diet to accommodate his Muslim faith. He also alleges that the jail retaliated against him for exercising his constitutional rights and denied him access to the courts. Upon the magistrate's recommendation, the district court granted summary judgment to the jail officials on all counts, concluding they were entitled to qualified immunity on the

free-exercise claim, and that the other claims were without merit. The case was dismissed with prejudice. Kind appeals.

"In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first establish that a challenged policy restricts the inmate's free exercise of a sincerely held religious belief." Brown-El v. Harris, 26 F.3d 68, 69 (8th Cir. 1994). When Kind arrived at the jail, he indicated he was Muslim and requested a vegetarian diet. Senior Program Director Dan Luke referred to instructional information provided to the jail by the Islamic Center of Minnesota, the Institute of Islamic Information in Chicago, and the Department of Islamic Affairs in Washington, D.C. regarding Kind's request. He also spoke with staff at the Islamic Center of Minnesota regarding the necessity of a vegetarian diet for Muslim inmates. All sources confirmed that a pork-free diet was essential to the practice of Islam, but that a vegetarian diet was not. Luke and Kind discussed his dietary needs on March 26, 1998, and Luke asked Kind to present some sort of documentation indicating that the exercise of Islam required a vegetarian diet. Kind did not produce any information. Luke placed Kind on a pork-free diet.

Kind filed a grievance with the Minnesota Department of Human Rights, claiming that the Washington County Jail violated his right to religious freedom by failing to provide him with a vegetarian diet. After the Department found probable cause to support his grievance, Washington County agreed to adopt a new policy that would allow any inmate to request, for any reason, vegetarian meals. The county's new policy did not go into effect until after Kind had left the Washington County Jail.

"Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996). It is well settled that jail and prison inmates "have the right to be provided with food sufficient to sustain them in good health [and] that satisfies the dietary laws

of their religion." <u>McElyea v. Babbitt</u>, 833 F.2d 196, 198 (9th Cir. 1987). It is not well-established, however, that Muslims must be offered a meat-free diet. Luke educated himself about Muslim practices before determining that a vegetarian diet was unnecessary for Kind. The government defendants in this case held an objectively reasonable belief that they were not violating the plaintiff's constitutional rights by offering him a pork-free diet out of respect for his religious beliefs. <u>Curry v. Crist</u>, 226 F.3d 974, 977 (8th Cir. 2000). Granting the appellees qualified immunity in this case is proper.

Next, Kind asserts the jail retaliated against him by transferring him to another facility for asserting his constitutional rights of freedom of religion and access to the courts. The record demonstrates that Kind was disciplined and transferred due to a pattern of misbehavior and repeated violations of the jail's rules of conduct. He has failed to show that but for his assertions of his constitutional rights, he would not have been transferred; his misconduct appears to have been reason enough for this administrative action.

Finally, Kind asserts he was denied his constitutional right of access to the courts because the jail interfered with his mail, prevented him from accessing certain legal materials, and denied him sufficient amounts of writing paper. Actual injury or prejudice must be proven to prevail on an access-to-courts claim. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). There is nothing in the record to show Kind lost a specific claim in any legal proceeding as a result of the jail's alleged interference.

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.