# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1487

_____

| | | |
|---|---|---|
| Charles Arnold Trobaugh; | * | |
| Jane L. Trobaugh, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| United States Bureau of Prisons; | * | |
| Michael Junk, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: October 1, 2003
Filed: October 6, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Charles A. Trobaugh and his wife, Jane L. Trobaugh, appeal the district court's[1] adverse grant of summary judgment in their action under the Privacy Act, 5 U.S.C. § 552a, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). As relevant, they alleged that the United States Bureau of Prisons (BOP), in violation of the Privacy Act, failed to maintain

_____

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Charles's inmate records to reflect the January 2001 dismissal of two 1989 assault charges, and the inaccurate records led to the denial of Charles's requests for transfer to a minimum security prison; and that the BOP failed to respond to Charles's Privacy Act requests within ten days as required by 5 U.S.C. § 552a(d)(2)(A). They also alleged that BOP employee J. Michael Junk denied Charles's transfer requests in retaliation for Charles's exercising his First Amendment rights (i.e., filing a lawsuit against Junk and contacting a United States Senator), and that Junk conspired with nondefendants to deny Charles's transfer. For the alleged violations of Charles's rights, Jane sought damages under state law for loss of consortium and negligent and intentional infliction of emotional distress. The Trobaughs have abandoned their additional claims. See Maheny v. Warren County, 206 F.3d 770, 771 n.2 (8th Cir. 2000) (per curiam) (claims not raised in brief are waived).

Upon de novo review, see Cooper v. Olin, 246 F.3d 1083, 1087 (8th Cir. 2001), we conclude that summary judgment was proper as to the Privacy Act claims against the BOP and the Bivens claim against Junk. First, we agree with the district court that the BOP was exempt from the ten-day response requirement. See 5 U.S.C. § 552a(j); 28 C.F.R. 16.97(a) (2003). Second, we conclude that the BOP took reasonable steps to maintain an accurate record for Charles and did not act wilfully or intentionally in not updating his record sooner. The undisputed evidence showed Charles's custody score was reduced in February 2001, and FMC staff corrected his records on April 11, after receiving verification of the January dismissals. See Deters v. United States Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (to show wilful or intentional conduct, plaintiff must prove agency was more than grossly negligent and committed the act without grounds for believing it to be lawful or by flagrantly disregarding others' rights under Act); Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992) (agency must take "reasonable steps" to maintain accurate records). Third, we conclude the record fails to show that Charles would have been transferred "but for" retaliation, as the record supports the other reasons given for the transfer denial, that is, Charles's extensive criminal history and his repeated

violations of parole and work release. Cf. Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003) (where record demonstrated that inmate was disciplined and transferred due to pattern of misbehavior and repeated violations of jail's rules, inmate failed to show that "but for his assertions of his constitutional rights, he would not have been transferred").

We also conclude that the district court did not abuse its discretion in staying discovery, particularly when the Trobaughs failed to identify what discovery was lacking that prevented them from adequately resisting summary judgment, see Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997) (standard of review; under Fed. R. Civ. P. 56(f), party opposing summary judgment may seek continuance by filing affidavit showing what specific facts further discovery might unveil); and we agree with the district court that Jane's derivative claims failed.

Accordingly, we affirm. We deny as moot appellants' motion to supplement the record.

_____