# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2849

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jane K. Bevans, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

———————

Submitted: September 28, 2007
Filed: November 13, 2007

———————

Before COLLOTON, ARNOLD, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

This case arises from a writ of entry issued on April 17, 2006, by a United States Magistrate Judge[1] to revenue officer Robert Brown of the Internal Revenue Service. The writ authorized Brown to enter the residence of Jane K. Bevans to seize property in satisfaction of unpaid federal taxes. Based on that writ, revenue agents entered the Bevans home and seized numerous pieces of property.

———————————

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

The application for the writ of entry, the writ, and the revenue officer's report of property that was seized were filed in the district court as a "miscellaneous case." Shortly after the seizure of the property, Bevans filed a motion in that same miscellaneous case, seeking copies of the relevant tax assessments and requesting an opportunity to pay the amount due in order to gain release of the seized property. *See* 26 U.S.C. § 6337 ("Any person whose property has been levied upon shall have the right to pay the amount due . . . at any time prior to the sale thereof, and upon such payment the Secretary shall restore such property to him . . . ."). The magistrate judge entered an order on June 14, 2006, stating that the miscellaneous case was opened "solely for the purpose of considering whether probable cause existed for issuing a warrant of execution," and declaring that it was not the "appropriate forum" for raising the issues discussed by Bevans in her motion. The magistrate judge also concluded that Bevans sought injunctive relief, and that a magistrate judge did not have jurisdiction to grant that type of relief. The IRS then sold Bevans's property at a public auction on June 18.

Bevans responded to the magistrate judge's order by filing a document captioned, "Motion For Determination of the Basis for Jurisdiction of this Matter by the Magistrate, For a Determination of the Forum, and the Basis for Declaring that the Relief Sought Cannot Be Had in a Miscellaneous Action." This motion essentially asked the magistrate judge to provide an explanation of the jurisdictional basis for granting the writ of execution and for declining to assert jurisdiction to grant Bevans's request for injunctive relief. The magistrate judge entered another order, dated July 12, 2006, explaining that the government's application for the writ of entry set forth the court's authority to grant the writ, that the responsibility of the magistrate judge was to determine whether probable cause exists such that a writ should issue, and that the relevant statutes and rules do not grant a magistrate judge authority to enter injunctive relief of the sort requested by Bevans without the consent of the parties.

Bevans sought no further relief in the district court, and she now seeks to appeal the magistrate judge's order of July 12, 2006, and also to challenge the authority of the magistrate judge to grant the writ of entry on April 17, 2006. Our appellate jurisdiction is limited by statute, and the courts of appeals have jurisdiction of appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Except where the parties have consented to entry of judgment by a magistrate judge in a civil case, *see* 28 U.S.C. § 636(c)(3), an order of a magistrate judge is not a final decision of a district court that may be appealed to this court. *United States v. Haley*, 541 F.2d 678, 678 (8th Cir. 1974); *accord United States v. Cline*, 566 F.2d 1220, 1221 (5th Cir. 1978); *United States v. Reeds*, 552 F.2d 170, 171 (7th Cir. 1977) (per curiam). Accordingly, we lack jurisdiction to consider this appeal, and the case is dismissed.

_____