# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4244

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy O'Laughlin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: July 27, 2017
Filed: August 10, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Timothy O'Laughlin, who was found incompetent to stand trial under 18 U.S.C. § 4241(d) on criminal charges involving stalking and making threats, appeals

the district court's[1] order civilly committing him under 18 U.S.C. § 4246, which provides for the hospitalization of a person found after a hearing to be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002). For reversal, O'Laughlin challenges the sufficiency of the evidence justifying his commitment.

Having reviewed for clear error the factual determinations underlying the commitment decision, see id., we affirm. Specifically, the district court's order is supported by the opinions of mental health experts who have assessed O'Laughlin at the United States Medical Center for Federal Prisoners in Springfield, Missouri-- where he is presently confined for treatment--that O'Laughlin was in need of inpatient treatment under section 4246, in part because the symptoms of his mental condition included delusions and paranoid beliefs that caused him to lash out at those he perceived to be targeting him; he lacked insight into his mental condition, the symptoms of which are improved but not resolved with medication; he had a history of not taking prescribed medication; and he minimized the seriousness of, and recently continued to engage in, the behaviors that led to his criminal charges. See Williams, 299 F.3d at 677-78; United States v. Ecker, 30 F.3d 966, 970 (8th Cir.1994) (suggested factors in determining potential dangerousness). We note that the Attorney General must continue efforts to place O'Laughlin in a suitable state facility, and that while confined O'Laughlin shall receive treatment which may lead to his release or conditional release. See 18 U.S.C. § 4246(d)-(e); Ecker, 30 F.3d at 971.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.