# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2473

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy O'Laughlin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Southern Division

_____

Submitted: April 17, 2019
Filed: August 19, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Timothy O'Laughlin argues the district court[1] erred in denying his motion under 18 U.S.C. § 4247(h). Specifically, he claims to have a Sixth Amendment and statutory right to proceed pro se when seeking discharge from a civil commitment in

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

a proceeding under § 4247(h). But the Sixth Amendment applies only in "criminal prosecutions," U.S. Const., amend VI, and a civil commitment is not a criminal prosecution. And the specific requirements of § 4247(h) control over the general statutory right to proceed pro se. We affirm.

O'Laughlin was civilly committed pursuant to 18 U.S.C. § 4246. He appealed his commitment, and this court affirmed. *United States v. O'Laughlin*, 695 F. App'x 172 (8th Cir. 2017) (unpublished). Approximately six months later, he filed two pro se requests for hearings to petition for release. These requests were taken as invocations of 18 U.S.C. § 4247(h). Section 4247(h) requires such motions to be filed by an attorney or legal guardian for the committed person. The district court denied O'Laughlin's motions for failure to meet the statutory requirements because his requests were filed pro se. Represented by counsel on appeal, he argues the requirements of § 4247(h) violate his right to self-representation under the Sixth Amendment and 28 U.S.C. § 1654.

We review O'Laughlin's constitutional and statutory challenge de novo. *See United States v. Henriques*, 698 F.3d 673, 674 (8th Cir. 2012).

O'Laughlin argues the Sixth Amendment right to proceed pro se in criminal prosecutions, *see Faretta v. California*, 422 U.S. 806 (1975), extends to civil commitment proceedings because being civilly confined to the Federal Bureau of Prison's medical facility is essentially incarceration. Thus, he argues, he is entitled to proceed pro se in § 4247(h) motions and proceedings. This appears to be a matter of first impression in this circuit.

The Supreme Court has held, in the context of a Due Process Clause challenge, that civil commitments are distinct from criminal prosecutions. *See Addington v. Texas*, 441 U.S. 418, 428 (1979) ("In a civil commitment state power is not exercised in a punitive sense. . . . [A] civil commitment proceeding can in no sense be equated

to a criminal prosecution."); *see also United States v. Veltman*, 9 F.3d 718, 721 (8th Cir. 1993) (holding the standard for waiving the statutory right to counsel in a civil commitment is "less exacting" than for waiving the Sixth Amendment right to counsel in a criminal prosecution). Civil commitment involves a loss of liberty, to be sure. But rather than imposing a punitive sentence upon criminal conviction, the civil commitment process provides for release once the individual is no longer a danger to others. *See* 18 U.S.C. § 4246(e). Following the logic of the Supreme Court in *Addington*, 441 U.S. at 428, we hold a civil commitment proceeding under § 4246 is not a criminal prosecution for purposes of the Sixth Amendment. We thus conclude the district court did not err in denying O'Laughlin's § 4247(h) motion.

O'Laughlin also argues he is entitled to proceed pro se by 28 U.S.C. § 1654, which generally allows for self-representation in all proceedings in federal court. But under the well-established rule of statutory interpretation that specific statutory language controls over more general provisions, *see RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012), the general rule of 28 U.S.C. § 1654 must give way to the specific requirement of 18 U.S.C. § 4247(h) that motions for release from civil commitment be filed by an attorney or legal guardian for the committed person.

For the foregoing reasons, we affirm.[2]

_____

_____

[2]Because O'Laughlin only argues he has a Sixth Amendment constitutional right to proceed pro se in a civil commitment proceeding, our holding is limited to the Sixth Amendment. We need not decide whether there is a constitutional right to proceed pro se under the Due Process Clauses of the Fifth and Fourteenth Amendments.