United States Court of Appeals

For the Eighth Circuit

_____

No. 19-3573

_____

United States of America,

*Plaintiff - Appellee*,

v.

Fita E. Spann,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 25, 2020
Filed: January 11, 2021

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Fita Spann was ordered committed to the custody of the Attorney General based on a mental disease or defect and a substantial risk of dangerousness. Later, he was conditionally released to the community. The district court[1] then revoked

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Spann's conditional release after he violated several conditions. Spann appeals and argues that the district court was required to order a mental health examination before deciding whether to revoke the conditional release. We conclude that no such examination was required, and that revocation was appropriate based on a finding that Spann violated the conditions of his release. We therefore affirm the district court's order and judgment.

Spann was charged in a federal criminal indictment in 1999 in the Southern District of Mississippi. In May 2000, the district court found that Spann was mentally incompetent to stand trial and ordered him committed to the custody of the Attorney General for further mental health evaluations. *See* 18 U.S.C. § 4241(d). Under federal law, if a defendant's mental condition does not improve within a reasonable time so that criminal proceedings may go forward, then he is subject to other proceedings concerning release or commitment of a person with a mental disease or defect. *See id.* §§ 4241(d)(2), 4246.

In February 2001, after Spann was examined by professionals at the federal medical center in Missouri, the government petitioned to commit Spann to the custody of the Attorney General for hospitalization and treatment. The petition suggested that Spann suffered from a mental disease or defect, and that "his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *See id.* § 4246(d).

After a hearing, the district court in Western Missouri found by clear and convincing evidence that Spann "suffers from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." In June 2001, therefore, the court ordered Spann committed to the custody of the Attorney General for hospitalization and

treatment. *See id*. The statute provides for the commitment to continue until "the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another." *Id*. § 4246(d)(2).

The district court released Spann on conditions in May 2008, but he was arrested in July 2008 and referred for further psychological evaluation. The court released Spann on conditions again in December 2008, but the court revoked his release in September 2009, and returned Spann to the custody of the Attorney General for further treatment.

In February 2015, the government moved for Spann's third conditional release from custody. The district court granted the motion, finding that Spann's release on a set of conditions would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. *See id*. § 4246(e)(2). The court established several conditions of release, including that Spann must reside in a residential treatment facility, abide by the rules of the facility, comply with a recommended treatment regimen while in the facility, and stay at the facility unless granted permission to leave by a probation officer.

After Spann had been released for four years, the government notified the court that Spann had violated the conditions and moved to revoke his release under 18 U.S.C. § 4246(f). The government informed the court that the treatment facility sought Spann's removal due to his refusal to attend treatment sessions, his attempts to leave the facility without permission, and his failure to abide by the rules of the facility and commands of the staff. Spann's probation officer determined that no suitable alternative treatment facility was available, and recommended that the court revoke Spann's conditional release.

In response, Spann asked the court to order a mental health examination before considering the alleged violations. Spann noted that his most recent mental health evaluation had occurred five years earlier. He argued that the revocation statute required the court to make a mental health determination, and that a new examination should be conducted to facilitate the court's determination.

The court concluded that a mental health examination was not warranted, because the issue before the court was not whether Spann had recovered from his mental illness or whether he should be unconditionally released. Rather, the issue was whether to revoke Spann's conditional release based on his alleged violations, and to remand him to the custody of the Attorney General because his continued release would present a danger to the community. Citing *United States v. Woods*, 944 F. Supp. 778, 780 (D. Minn. 1996), the court concluded that while it had the power to order a mental examination before a revocation hearing, the statute did not require such an examination in every case.

The district court found that Spann had violated the conditions of release by failing to comply with his prescribed treatment regimen and the rules of his facility. The court noted its previous ruling that Spann "could be safely released only if certain conditions were followed to ensure both the safety of [Spann] and the public." Because Spann violated those conditions, and they were no longer in place, the court found that "a danger now exists." Accordingly, the court revoked Spann's release and ordered him committed to the custody of the Attorney General for hospitalization and treatment. The order provided that once Spann was returned to custody, the government should conduct a risk assessment and notify the court if another conditional release would be suitable.

On appeal, Spann argues that § 4246(f) required the district court to order a mental health examination before revoking his conditional release. When a person released under § 4246(e)(2) is arrested for violating conditions, the law calls for a hearing and determination by the district court. The court must "determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of . . . care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f). Spann maintains that the court could not resolve whether his continued release would pose the requisite danger without ordering a new mental health examination.

We reject Spann's position as inconsistent with the text and structure of the statute. Spann was committed for hospitalization and treatment only after a finding, by clear and convincing evidence, that he was suffering from a mental disease or defect as a result of which his release would pose a danger to the community. *Id.* § 4246(d). The court necessarily found a causal link between Spann's mental state and a substantial risk of bodily injury to another person or serious damage to property of another. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002). When the court concluded that Spann safely could be released on conditions, the order was premised on a conclusion that release *without* conditions would continue to pose a substantial risk to the community. Otherwise, the court would have discharged him outright. *See* 18 U.S.C. § 4246(e)(1).

After Spann failed to abide by the conditions that were necessary to ensure the safety of the community, and no other set of conditions was available to accomplish the same objectives, it naturally followed that the situation returned to the state of affairs that existed previously: Spann presented a danger to the community. The court was required under § 4246(f) to decide whether Spann, "in light of his failure

to comply" with conditions of release, presented "a substantial risk of bodily injury to another person or serious damage to property of another." But the court was authorized to make that determination against the backdrop of previous findings that Spann presented such a risk if he were released without conditions.

Section 4246(f) does not direct, or even expressly authorize, the district court to order a mental health examination in a proceeding to consider revocation of conditional discharge. At least one court has posited that there is "implicit" authority to order an examination in that situation. *See Woods*, 944 F. Supp. at 780; *cf. United States v. Phelps*, 955 F.2d 1258, 1265 (9th Cir. 1992) (discussing "inherent power" to order an examination). The more straightforward way for a person to obtain a mental health examination is to move for unconditional discharge under § 4247(h), which provides that the person may "at any time" seek such relief once he has been committed for one hundred and eighty days. Spann did not file such a motion, argue that he had recovered from his mental defect or illness, or present any evidence of an improved condition. The district court thus had no cause to combine the revocation proceeding under § 4246(f) with an inquiry into possible discharge under § 4247(h), or to exercise potential implicit authority to develop the record of the revocation proceeding. *See United States v. Woods*, 970 F. Supp. 711, 717 & n.1 (D. Minn. 1997). There was no error in declining to order a mental examination.

Spann also contends that the district court's denial of his request for a mental health examination deprived him of liberty without due process of law under the Fifth Amendment. The statutory procedures, however, were sufficient to afford whatever process may have been due. Spann was represented by court-appointed counsel, and he was allowed "an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear[ed] at the hearing." 18 U.S.C. § 4247(d). If Spann's position was that his mental health had improved to a point where unconditional discharge would be safe, then he was free

to move for discharge under § 4247(h) and to seek a mental health examination in connection with that request for relief. In sum, Spann was afforded a meaningful opportunity to be heard on the revocation of his conditional release, and he did not avail himself of statutory opportunities to show that he was eligible for discharge despite violating conditions of release. There was no constitutional violation.

The judgment of district court is affirmed.

_____