# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1158

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eric Grant

*Defendant - Appellant*

——————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————

Submitted: September 20, 2021
Filed: December 2, 2021
[Unpublished]

——————

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

——————

PER CURIAM.

Eric Grant, a civilly committed person, timely appeals the district court's[1] order revoking a grant of conditional release. We affirm.

———————

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the

In April 2013, Grant was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246. In June 2018, Grant was conditionally released. About a year later, the government requested the district court to issue an arrest warrant for Grant, claiming he violated the conditions of his release. Specifically, Grant broke curfew, failed to consistently participate in his mental health program, and used cocaine. The government thus sought revocation of Grant's conditional release under § 4246(f).[2]

Prior to an evidentiary hearing on revocation, Grant moved for an independent mental examination under 18 U.S.C. § 4246 and 18 U.S.C. § 4247(b) and (d) to determine whether his continued release would "create a substantial risk of bodily injury to another person or serious damage to the property of another." Grant argued that in a proceeding to revoke a conditional release term under § 4246(f), he has a clear statutory right to litigate his present mental state. The district court found by a preponderance of the evidence that Grant violated the terms of his release. Therefore, the district court denied his motion. After the evidentiary hearing, the district court revoked his conditional release.

Grant appeals, arguing the district court's refusal to order a mental health examination before revoking the conditional release violated his statutory rights under § 4246(f) and § 4247(d) and his Fifth Amendment right to due process. But, as Grant concedes, our recent decision in *United States v. Spann*, 984 F.3d 711 (8th Cir.), *cert. denied*, 141 S. Ct. 2655 (2021), directly resolves the issue against him. *Spann* held a district court need not order a new mental examination before revocation of conditional release if a violation of the conditions of release occurred. *See id.* at 714-15. We therefore hold that given the uncontested violations of the

Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

[2]18 U.S.C. § 4246(f) outlines the criteria necessary to revoke conditional discharge.

conditions of his release, the district court did not err in denying a new mental examination and did not deprive Grant of due process or violate § 4246(f). The judgment is affirmed.

_____