# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3583
_____

United States of America

*Plaintiff - Appellee*

v.

Dwight Armel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 14, 2022
Filed: February 7, 2022
[Unpublished]

_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Dwight Armel appeals the district court's[1] order revoking a grant of conditional release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the

Armel was initially civilly committed under 18 U.S.C. § 4246 in 2011. In 2016, the district court granted him conditional release under section 4246(e)(2), and imposed conditions, including that he reside in a residential treatment facility and comply with a mental health regimen. In February 2019, the government filed a notice of violation, and subsequent motion for revocation of conditional release under section 4246(f), alleging that Armel had violated his conditions of release by, among other things, failing to participate in his recommended mental health treatment, and ultimately losing his placement at the treatment facility.

To the extent Armel intended to raise any statutory or constitutional arguments relating to the denial of his request to obtain an independent mental examination prior to the revocation of his conditional release, such arguments are foreclosed by this court's precedent. *See United States v. Spann*, 984 F.3d 711 (8th Cir.), *cert. denied*, 141 S. Ct. 2655 (2021); *see also United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (de novo review). To the extent Armel challenges the propriety of the revocation on evidentiary grounds, the evidence developed during the revocation proceedings supports the district court's determination that conditional release should be revoked. *See United States v. Franklin*, 435 F.3d 885, 889-90 (8th Cir. 2006). The district court did not clearly err in concluding that Armel's continued release would pose a substantial risk of dangerousness. *See Spann*, 984 F.3d at 714 (after conditionally-discharged person failed to abide by conditions necessary to ensure safety of community, it followed that situation "returned to the state of affairs that existed previously").

The judgment is affirmed. Armel's pending motion to strike statements is denied.

_____

---

Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.