# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1611

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy O'Laughlin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: February 15, 2022
Filed: April 14, 2022

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

Timothy O'Laughlin filed several pro se motions seeking release from his civil commitment. The magistrate judge denied the motions, and without first objecting to the district judge, O'Laughlin appealed to this court. We dismiss his appeal for lack of jurisdiction.

## I. Background

O'Laughlin was found incompetent to stand trial for criminal charges against him. *See* 18 U.S.C. § 4241(d). The government then filed a petition to determine his mental condition under 18 U.S.C. § 4246. The district court referred the case to a magistrate judge for processing and handling under 28 U.S.C. § 636(b)(1), (3) and Western District of Missouri Local Rule 72.1. After a psychological evaluation and an evidentiary hearing, the magistrate judge recommended O'Laughlin be civilly committed. The district court adopted the recommendation and committed O'Laughlin to the custody and care of the Attorney General under 18 U.S.C. § 4246(d). We affirmed the district court's order, finding sufficient evidence to support O'Laughlin's civil commitment. *United States v. O'Laughlin*, 695 F. App'x 172, 172 (8th Cir. 2017).

O'Laughlin then filed two pro se motions to petition for release, which are not at issue here. The district court adopted the magistrate judge's recommendation to deny these motions, holding that only O'Laughlin's counsel or legal guardian can move for release under 18 U.S.C. § 4247(h). O'Laughlin appealed, arguing his inability to file a motion for release pro se violated both his Sixth Amendment and statutory right to self-representation. We again affirmed the district court. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 2535 (2020).

This brings us to the present matter. O'Laughlin filed seventeen additional pro se motions seeking either release, a competency evaluation, or an order compelling his counsel to file a § 4247(h) motion for a hearing to determine discharge. The magistrate judge entered an order (rather than a recommendation) denying all of these motions on grounds that O'Laughlin could not bring § 4247(h) motions pro se. O'Laughlin appealed the magistrate judge's order directly to this court. This time, O'Laughlin argues his inability to seek release pro se deprives him of due process under the Fifth Amendment.

## II. Analysis

Before this court can reach the merits of O'Laughlin's appeal, we must address whether we have jurisdiction over O'Laughlin's direct appeal from a magistrate judge's order. We must consider our own jurisdiction "even if the parties concede the issue," *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)), as they do here.

The parties argue the magistrate judge's order was a "final order" authorized by the district court's order of reference and Western District of Missouri Local Rule 72.1(c). We have jurisdiction over "final decisions *of the district courts* of the United States[.]" 28 U.S.C. § 1291 (emphasis added). Thus, "without a 'decision[ ] of [a] district court[ ],' . . . we lack jurisdiction to proceed any further." *Devine v. Walker*, 984 F.3d 605, 608 (8th Cir. 2020) (alterations in original) (citation omitted) (quoting 28 U.S.C. § 1291). And "[e]xcept where the parties have consented to entry of judgment by a magistrate judge in a civil case, *see* 28 U.S.C. § 636(c)(3), an order of a magistrate judge is not a final decision of a district court that may be appealed to this court." *United States v. Bevans*, 506 F.3d 1133, 1135 (8th Cir. 2007); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [magistrate judge's non-dispositive] order not timely objected to" before the district judge.). Stated another way, the parties cannot "leapfrog" the district court as they have done here. *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (quoting *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993)).

O'Laughlin argues the parties implicitly consented to having the magistrate judge decide the motions at hand. But the parties' consent does not save this appeal. Parties may consent to having a magistrate judge conduct any civil proceeding when the magistrate judge is "specially designated to exercise such jurisdiction by the district court[.]" 28 U.S.C. § 636(c)(1). Here, the district court did not specially designate the magistrate judge to exercise such jurisdiction. *See Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) (holding "more is needed to satisfy

§ 636(c)'s 'special designation' requirement" than "the initial order of reference for a magistrate judge to rule on matters pursuant to § 636(b)(1)"); *see also Ashker v. Newsom*, 968 F.3d 975, 984 (9th Cir. 2020) (holding local rules outlining magistrate judge authority were not "special designation"). Thus, we have no jurisdiction over this appeal.

### III. Conclusion

For the reasons set forth herein, we dismiss O'Laughlin's appeal for lack of jurisdiction.[1]

———————————————————

[1]Because the appeal is dismissed for lack of jurisdiction, our order to show cause why the briefs and addendum in this appeal should not be unsealed is discharged.