# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2324

_____

United States of America

*Plaintiff - Appellee*

v.

Luis Vazques

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 11, 2023
Filed: August 31, 2023

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Luis Vazques was civilly committed pursuant to 18 U.S.C. § 4246 in February 2009 due to a mental disease or defect that created a substantial risk of harm to the public. After several conditional releases and revocations, in April 2022, and while represented by counsel, Vazques filed a motion for discharge pro se, which

the district court[1] denied on the basis that a motion for discharge may not be filed by a pro se petitioner. Vazques appeals, asserting that prohibiting him from seeking a discharge pro se is a violation of his Fifth Amendment due process rights. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Civil commitment proceedings against Vazques originated in September 2008, when the government filed a petition to determine the mental condition of an imprisoned individual. At the time, he was incarcerated in a mental health treatment unit at a Bureau of Prisons facility after being found incompetent to stand trial for the offense of threatening a federal judge. Following evaluation by a risk assessment team, the district court entered an order directing that Vazques be civilly committed based on its conclusion that Vazques suffered from a mental disease or defect and that his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Since the district court's civil commitment order in 2009, the district court has received annual reports on Vazques's condition and has ordered Vazques's conditional release at least three times. Each of Vazques's conditional releases were later revoked, most recently in August 2021 after Vazques violated the terms of his release by failing to participate in required treatment and exhibiting threatening behavior.

In April 2022, Vazques filed a pro se motion seeking discharge from his civil commitment, asserting that he had been "illegally held incarcerated: since, November 7, 1995, because[] of personal problems by satanic polices in New York City and Reading, Pennsylvania, and also, satanic correctional staff – employees." R. Doc. 107, at 2. The matter was first referred to a magistrate judge who recommended that Vazques's motion be denied because an individual civilly committed under 18 U.S.C. § 4246 is not legally authorized to file a pro se motion seeking discharge, relying on 18 U.S.C. § 4247(h). Vazques, through his public

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

defender, filed objections to the report and recommendation, asserting that the application of § 4247(h) to bar Vazques's motion violated Vazques's Fifth Amendment due process rights. The district court overruled the objections, adopted the report and recommendation, and entered an order denying Vazques's pro se motion. In its order, the district court first noted that Vazques had "received legal representation throughout his entire proceedings" before discussing § 4247(h), which identifies parties allowed to seek discharge on behalf of a civilly committed individual and excludes from this list the civilly committed individual proceeding pro se. Given that Vazques had, at all times, been represented by counsel, and that the relevant statutory provision excluded Vazques from proceeding pro se, the district court denied the motion.

Vazques appeals, renewing his argument that the prohibition against filing a pro se motion for discharge violates his Fifth Amendment rights by depriving him of access to the courts and by creating an arbitrary distinction between civilly committed persons with attorneys or guardians to file discharge motions and those without. We review Vazques's constitutional claim de novo. United States v. O'Laughlin, 934 F.3d 840, 841 (8th Cir. 2019). Section 4247(h) provides the process by which a civilly committed person may seek a discharge, stating:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

This provision plainly permits only counsel or the legal guardian of the committed person to file a motion to discharge. See O'Laughlin, 934 F.3d at 841 (recognizing "the specific requirement of 18 U.S.C. § 4247(h) that motions for release from civil commitment be filed by an attorney or legal guardian for the committed person").

Accordingly, it follows that a committed person may not file such a motion pro se. Vazques asserts that this amounts to denial of access to the courts. This Court has previously addressed the Sixth Amendment right of self-representation in the context of civil commitment, concluding that this right does not apply to civil commitment proceedings. O'Laughlin, 934 F.3d at 841. However, we have not had the occasion to address the right of self-representation in the context of a Fifth Amendment access-to-the-courts claim. See Chistopher v. Harbury, 536 U.S. 403, 415 n.12 (2002) (stating that "this Court ha[s] grounded the right of access to courts in . . . the Fifth Amendment Due Process clause" among other constitutional provisions).

Even assuming that the right of self-representation applies to a Fifth Amendment access-to-the courts claim, Vasquez's claim would still fail because he cannot show the requisite prejudice. Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003) (stating that to prevail on an access-to-the-courts claim, the plaintiff must show actual injury or prejudice). Here, Vazques was represented throughout the entire civil commitment proceedings and makes no allegations that his counsel was derelict, negligent, or otherwise refused to file a motion for discharge on his behalf. Therefore, even if we were to recognize such a right, Vazques would not prevail. The district court did not err in denying Vazques's pro se motion for discharge.

For the foregoing reasons, we affirm the judgment of the district court.
_____