## United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3322

_____

United States of America,

*Plaintiff - Appellee,*

v.

Timothy O'Laughlin,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 14, 2024
Filed: July 25, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Timothy O'Laughlin is hospitalized in the custody of the Attorney General under 18 U.S.C. § 4246. He appeals an order of the district court[*] denying his motions for release. O'Laughlin challenges the constitutionality of a requirement in 18 U.S.C. § 4247(h) that only counsel or a legal guardian may file a motion seeking discharge from custody.

In 2016, the district court ordered O'Laughlin committed under § 4246 on the ground that he suffered from a mental disease or defect, and that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *United States v. O'Laughlin*, 695 F. App'x 172, 172-73 (8th Cir. 2017) (per curiam). We later affirmed the district court's denial of a *pro se* motion for discharge under 18 U.S.C. § 4247(h) because only counsel or a legal guardian may bring the motion. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019). Section 4247(h) provides that "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility."

O'Laughlin moved again for discharge under § 4247(h). This time, he asserted a constitutional right under the Due Process Clause to access the courts by proceeding *pro se*. The district court rejected the argument and denied the motion. The court observed that the federal public defender has been appointed to represent O'Laughlin, so counsel is available to seek release if circumstances warrant. The court also found

[*]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

-2-

no suggestion that counsel failed to act on O'Laughlin's behalf in a situation where release appeared possible.

O'Laughlin renews his constitutional argument on appeal. This court, however, considered and rejected the same argument in *United States v. Vazques*, 81 F.4th 820, 822 (8th Cir. 2023). The constitutional right to self-representation under the Sixth Amendment does not apply to civil commitment proceedings. *O'Laughlin*, 934 F.3d at 841. *Vazques* held that even assuming the Due Process Clause affords a right to self-representation as an aspect of a right to access the courts, a complaining party would have to show prejudice to prevail. 81 F.4th at 822; *see Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003). O'Laughlin cannot show prejudice. The federal public defender has represented O'Laughlin throughout the civil commitment proceedings. O'Laughlin does not allege that counsel has acted negligently or refused to advance a meritorious motion for discharge.

The judgment of the district court is affirmed.

_____