# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2558

_____

United States of America,

*Plaintiff - Appellee*,

v.

Jerry Archambault,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: May 6, 2024
Filed: July 25, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and STRAS, Circuit Judges.

_____

PER CURIAM.

Jerry Archambault is hospitalized in the custody of the Attorney General under 18 U.S.C. § 4246. He appeals an order of the district court[*] denying his motion for release. Archambault challenges the constitutionality of a requirement in 18 U.S.C. § 4247(h) that only counsel or a legal guardian may file a motion seeking discharge from custody.

In 2010, the district court ordered Archambault committed under § 4246 on the ground that he suffered from a mental disease or defect, and that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

In October 2021, Archambault filed a *pro se* motion requesting discharge from custody. A magistrate judge recommended denial of the motion because § 4247(h) requires that a motion for release be filed by an attorney or legal guardian. The district court adopted the recommendation and denied Archambault's motion.

Section 4247(h) states that "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility." The district court concluded that this provision authorizes only the committed person's attorney or legal guardian to file a motion for release. Archambault argues that the statute's requirement that he proceed through counsel or legal guardian violates his right to access the courts under the Due Process Clause of the Fifth Amendment.

---

[*]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

This court, however, considered and rejected the same argument in *United States v. Vazques*, 81 F.4th 820, 822 (8th Cir. 2023). The constitutional right to self-representation under the Sixth Amendment does not apply to civil commitment proceedings. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019). *Vazques* held that even assuming the Due Process Clause affords a right to self-representation as an aspect of a right to access the courts, a complaining party would have to show prejudice to prevail. 81 F.4th at 822; *see Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003). Archambault cannot show prejudice. Like the committed person in *Vazques*, Archambault has been represented throughout the civil commitment proceedings, and he makes no argument that his counsel was derelict, negligent, or otherwise unwilling to file a meritorious motion for discharge.

The judgment of the district court is affirmed.

_____