# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3156
_____

United States of America

*Plaintiff - Appellee*

v.

Eric Brian Klase

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: October 28, 2024
Filed: October 31, 2024
[Unpublished]

_____

Before LOKEN, ERICKSON and GRASZ, Circuit Judges.

_____

PER CURIAM.

Eric Klase was civilly committed pursuant to 18 U.S.C. § 4246 in February
2017, and was conditionally released in June 2021. He subsequently filed a pro se

"petition to end supervision under conditional release," which the district court[1] construed as a motion for a hearing to determine whether he should be discharged under 18 U.S.C. § 4247(h). The court denied the motion because section 4247(h) requires that such a motion may not be filed pro se, and may only be filed by a committed person's counsel or legal guardian. Klase appeals, challenging the constitutionality of that requirement, and we held the appeal in abeyance pending the decisions in United States v. Vazques, 81 F.4th 820 (8th Cir. 2023) and United States v. Archambault, No. 22-2558, 2024 WL 3531288 (8th Cir. July 25, 2024) (unpublished per curiam).

We conclude that Klase's arguments are precluded by Vazques, which rejected similar arguments. The constitutional right to self-representation under the Sixth Amendment does not apply to civil commitment proceedings. See United States v. O'Laughlin, 934 F.3d 840, 841 (8th Cir. 2019). Further, even assuming that he has a right to self-representation as an aspect of a right to access the courts grounded in the Fifth Amendment's Due Process clause, Klase cannot show the requisite prejudice to support an access-to-the-courts claim because, like the committed person in Vazques, Klase was represented throughout the civil commitment proceedings and does not allege that his counsel was derelict, negligent, or refused to file a motion for discharge on his behalf. While Klase asks us to overrule Vazques, we cannot overrule an earlier decision of this court. See Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006).

Accordingly, we summarily affirm. See 8th Cir. R. 47A(a).

———————————————————

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.