**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-6056**

—————————

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

   v.

TODD MICHAEL GIFFEN,

        Respondent - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:22-hc-02006-FL)

—————————

Submitted:  February 13, 2026                    Decided:  February 27, 2026

—————————

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Genna Danelle Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2022, Todd Michael Giffen was civilly committed under 18 U.S.C. § 4246 to the custody of the Attorney General. The instant appeal concerns only the district court's post-commitment order denying Giffen's motions to substitute counsel and for a discharge hearing and his immediate release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal but questioning whether this court has jurisdiction over the appeal, and whether the district court erred by denying Giffen's motions.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "The collateral order doctrine allows a party to immediately appeal non-final orders because they are conclusive, resolve important questions separate from the merits, and are effectively unreviewable on appeal from the final judgment in the underlying action." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 622 (4th Cir. 2018) (citation modified). The portion of the district court's order denying Giffen's motion to substitute counsel did not conclusively decide the issue, as the district court retained discretion to revisit the decision. *E.g.*, *Miller v. Simmons*, 814 F.2d 962, 965-66 (4th Cir. 1987). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Turning to the district court's denial of Giffen's motion for his release, "[18 U.S.C. §] 4247(h) provides the process by which a civilly committed person may seek a discharge." *United States v. Vazques*, 81 F.4th 820, 822 (8th Cir. 2023). Because the

2

denial of a discharge hearing continues an individual's civil commitment, we find that we have jurisdiction over this portion of the court's order. *See id.* (finding that appellate court "[had] jurisdiction under 28 U.S.C. § 1291" and affirming denial of pro se motion for discharge hearing under § 4247(h)); *see also United States v. Maclaren*, 866 F.3d 212, 216 (4th Cir. 2017) (considering denial of counseled motion for § 4247(h) discharge hearing).

Section 4247(h) provides:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of[, inter alia, § 4246(e),] counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . .

Thus, as the district court found in denying Giffen's pro se motion, § 4247(h) "plainly permits only counsel or the legal guardian of the committed person to file a motion to discharge." *Vazques*, 81 F.4th at 822. Accordingly, we affirm this portion of the district court's order.

In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal. We therefore deny Giffen's pending motions on appeal, dismiss the appeal in part, and affirm in part.

This court requires that counsel inform Giffen, in writing, of the right to petition the Supreme Court of the United States for further review. If Giffen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Giffen. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*